Citation Nr: 1340183 
Decision Date: 12/05/13 Archive Date: 12/20/13

DOCKET NO. 12-23 175 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Medical and Regional Office Center in Wichita, Kansas


THE ISSUE

Entitlement to a compensable evaluation for bilateral hearing loss.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

A. Chance, Associate Counsel






INTRODUCTION

The Veteran served on active duty with the United States Air Force from April 1972 to January 1974, during the Vietnam War era.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2011 rating decision by the Wichita, Kansas, Regional Office (RO) of the United States Department of Veterans Affairs (VA), which continued the 0 percent rating for a bilateral hearing loss disability.

Although the Veteran initially requested a Travel Board Hearing in his August 2012 Substantive Appeal, he cancelled his request in September 2012, and, as such, his request is considered withdrawn.

The Board notes that in addition to the paper claims file, there is a Virtual VA electronic claims file associated with the Veteran's claims. A review of the documents in the electronic file has been completed.

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the Veteran if further action is required.


REMAND

The Board finds that a remand is necessary in this case because a further examination is needed to address the functional effects of the service-connected bilateral hearing loss. The April 2011 VA examiner noted "[s]ignificant effects" on the Veteran's occupation, albeit without specific explanation. The Veteran subsequently described a series of negative occupational effect from the hearing loss in his August 2012 Substantive Appeal. Per Martinak v. Nicholson, 21 Vet. App. 447 (2007), this matter must be addressed in more specific detail, and Veteran's own contentions raise the question of whether an "extra-schedular" evaluation is warranted under 38 C.F.R. § 3.321(b)(1) (2013).

Accordingly, the case is REMANDED for the following action:

1. Afford the Veteran a further VA audiological examination, with an examiner who has reviewed the claims file (including Virtual VA and VBMS records, and specifically to include the August 2012 Substantive Appeal, in which the Veteran described functional effects of bilateral hearing loss). The examiner must conduct Maryland CNC and pure tone threshold testing and must provide commentary as to the functional effects of bilateral hearing loss, in terms of both occupational functioning and everyday life. The opinions must be supported by a complete rationale in a typewritten report.

2. The case must then be submitted to the Under Secretary for Benefits or to the Director, Compensation and Pension Service, for consideration under 38 C.F.R. § 3.321(b)(1) for an extra-schedular rating. The decision on this matter must be added to the claims file.

3. Then, the case must be readjudicated. If the determination is less than fully favorable to the Veteran, he and his representative must be furnished with a Supplemental Statement of the Case and given an opportunity to respond before the case is returned to the Board. 

The Veteran has the right to submit additional evidence and argument on this matter. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
A. C. MACKENZIE
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).